1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ADAM VICTOR,                              Case No.  13-cv-02976-WHO

            Plaintiff,
8
                                               **ORDER GRANTING MOTION FOR**
9        v.                                    **LEAVE TO FILE SECOND AMENDED**
                                               **COMPLAINT**
10   R.C. BIGELOW, INC.,
                                               Re: Dkt. No. 51
            Defendant.
11

12

13                                **INTRODUCTION**

14       Plaintiff Adam Victor moves for leave to file a second amended complaint against

15   Defendant R.C. Bigelow, Inc., adding a claim of unjust enrichment.  Pursuant to Civil Local Rule

16   7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the

17   hearing set for July 8, 2015.  Because of a recent Ninth Circuit decision establishing that an unjust

18   enrichment claim can be construed as a viable stand-alone cause of action in California, Victor has

19   good cause to amend the complaint and his motion is GRANTED.

20                                **BACKGROUND**

21       Bigelow manufactures and sells tea products.  First Amended Complaint ("FAC") ¶ 7 [Dkt.

22   No. 30].  Victor alleges that Bigelow made false health claims by promoting the presence of

23   antioxidants in its black tea products and claiming associated health benefits.  FAC ¶¶ 12-13.  The

24   false health claims appear on Bigelow's websites and product labels.  *Id.* ¶¶ 12, 87 (product label

25   states "*delivers healthful antioxidants*").  Enforcement actions by the FDA "targeting identical or

26   similar claims to those made by [Bigelow] have made clear the unlawfulness of such claims."  *Id.*

27   ¶ 41.  Victor contends that he relied on and was influenced by these false claims when purchasing

28   Bigelow's tea products, and that this misrepresentation has resulted in unjust profits for Bigelow.

United States District Court
Northern District of California

1   *Id.* ¶¶ 18-19.

2       The FAC currently alleges causes of action for violations of the California Consumer

3   Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law.  *Id.* ¶¶ 100-

4   154.  The last day to amend pleadings was on August 29, 2014.  Dkt. No. 46.

5       Victor now seeks leave to amend the FAC to assert an unjust enrichment cause of action,

6   following the Ninth Circuit's recent holding in *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753,

7   762 (9th Cir. 2015), that unjust enrichment is, in some circumstances, a viable cause of action.

8   **LEGAL STANDARD**

9       Federal Rule of Civil Procedure 16 governs "when a party seeks to amend a pleading after

10   the pretrial scheduling order's deadline for amending the pleadings has expired."  *In re W. States*

11   *Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  Under Rule 16, a

12   schedule may be modified for good cause and with the judge's consent.  FED. R. CIV. P. 16(b)(4).

13   "While a court may take into account any prejudice to the party opposing modification of the

14   scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for

15   seeking modification."  *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737

16   (internal citations and quotations omitted).  The "good cause" evaluation "primarily considers the

17   diligence of the party seeking the amendment."  *Id.* (internal citations and quotations omitted).

18       If the party demonstrates "good cause," then the party must further demonstrate that leave

19   to amend is appropriate under Federal Rule of Civil Procedure 15.  *Johnson v. Mammoth*

20   *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation omitted).  Courts consider five

21   factors when deciding whether to grant a motion for leave to amend pursuant to Rule 15: (i) bad

22   faith on the part of the movant; (ii) undue delay in filing the motion; (iii) prejudice to the opposing

23   party; (iv) futility of amendment; and (v) whether the plaintiff has previously amended the

24   complaint.  *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation

25   omitted).  Not all factors are weighed equally; consideration of prejudice to the opposing party

26   carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

27   2003) (citation omitted).

28       If a party moves to amend its complaint instead of moving to amend the scheduling order,

United States District Court
Northern District of California

2

the court may exercise discretion to deny the motion as untimely or construe the motion as one to amend the scheduling order. *See Johnson*, 715 F.3d at 608-09 ("court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made") (citation omitted).

## DISCUSSION

Unjust enrichment "broadly provides that a person who is unjustly enriched at the expense of another is subject to liability in restitution." *Fenerjian v. Nongshim Co., Ltd.*, 13-cv-04115-WHO, 2014 WL 5685562, at *19 (N.D. Cal. Nov. 4, 2014) (internal citations and quotations omitted). "[A] plaintiff advances a basis for obtaining restitution if he or she demonstrates defendant's receipt and unjust retention of a benefit." *Monet v. Chase Home Fin., LLC*, 10-cv-0135-RS, 2010 WL 2486376, at *3 (N.D. Cal. June 16, 2010) (internal citations and quotations omitted).

California courts have been split on whether unjust enrichment is an independent claim or merely an equitable remedy under California law. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 10-cv-5625-SI, 2011 WL 4345435, at *3 (N.D. Cal. Sept. 15, 2011) (discussing disagreement among California state and district courts about whether unjust enrichment is a viable stand-alone claim).

The Ninth Circuit recently clarified the law regarding unjust enrichment in California, holding that while "there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at 762 (internal citations and quotations omitted). The Ninth Circuit also instructed that a claim for unjust enrichment should not be dismissed as duplicative or superfluous of other claims because a party may set out alternative claims. *Id.* (citing FED. R. CIV. P. 8(d)(2)). In *Astiana*, the plaintiff alleged that "false or misleading product labels duped consumers seeking natural cosmetics into purchasing products that were chock-full of artificial and synthetic ingredients." *Id.* at 756. The Ninth Circuit held that the plaintiff's corresponding allegation that the defendant had enticed plaintiffs "to purchase their products through false and misleading labeling, and that [defendant]

1   was unjustly enriched as a result," was "sufficient to state a quasi-contract cause of action."  *Id.* at

2   762.

3        Victor seeks to amend his complaint to add a claim for unjust enrichment, arguing that

4   *Astiana* clarified the unsettled state of the law and established that "unjust enrichment is available

5   as a remedy even when a plaintiff is asserting statutory claims under the CLRA, UCL, and FAL."

6   Dkt. No. 51 at 1.  He did not previously seek to state a claim for unjust enrichment.

7   **I.       PLAINTIFF HAS GOOD CAUSE TO MODIFY THE SCHEDULING ORDER[1]**

8        *Astiana* is new Ninth Circuit authority that gives Victor good cause to modify the

9   scheduling order so that he can amend his complaint to add a cause of action for unjust

10  enrichment.  *See Ruiz v. Affinity Logistics Corp.*, 2009 WL 648973, at *9 (S.D. Cal. Jan. 29, 2009)

11  (allowing defendant to amend affirmative defenses after deadline had passed because of relevant

12  new legal authority); *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225

13  (E.D. Cal. 2008) (plaintiff had good cause to amend complaint in part because new district court

14  decision "made plaintiff aware of the viability of a [new] claim").

15       Victor alleges that "[a]s a result of Defendant's unlawful sales of Defendant's Misbranded

16  Food Products, Defendant was enriched at the expense of Plaintiff and the Class."  Proposed

17  Second Am. Compl. ¶ 94 [Dkt. No. 51-1].  Victor also contends that "Plaintiff and the Class paid a

18  premium for the Misbranded Food Products" and that "it would be unjust and inequitable for

19  Defendant to retain the benefit without restitution to Plaintiff and the Class."  *Id.* ¶ 95.  Under

20  *Astiana*, these unjust enrichment allegations are sufficient to state a "quasi-contract claim seeking

21  restitution."  *See Astiana*, 783 F.3d at 762 ("Common law principles of restitution require a party

22  to return a benefit [obtained through mistake, fraud, coercion, or request] when the retention of

23  such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is

24  quasi-contract.") (internal citations and quotations omitted).

25

26  ───────────────────

    [1] I construe Victor's motion for leave to amend the complaint as a motion to modify the
27  scheduling order.  *See Launch, LLC v. PC Treasures, Inc.*, 05-cv-0695-PJH, 2006 WL 1142535, at
    *1 (N.D. Cal. Apr. 28, 2006) ("[t]he court treats a motion for leave to amend pleadings after the
28  scheduling order deadline as a motion to modify the scheduling order").

In the aftermath of *Astiana*, other district courts have likewise allowed plaintiffs to state unjust enrichment claims based on similar allegations as those alleged here. *See, e.g., Romero v. Flowers Bakeries, LLC*, 14-cv-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015) (in light of *Astiana*, a claim that "Defendant 'entic[ed]' Plaintiff and putative class members to purchase the products at issue through 'false and misleading' packing and labels, and that Defendant was 'unjustly enriched' thereby" was "sufficient to state a quasi-contract cause of action") (citation omitted); *Trazo v. Nestlé USA, Inc.*, 12-cv-02272-PSG (N.D. Cal. Apr. 24, 2015) (order granting motion for leave to file motion for reconsideration) ("[w]hatever this court's own views may be [on unjust enrichment as a cause of action], it fully appreciates that whenever the appellate courts say jump, the only remaining question is how high"). I agree with their analysis and find that good cause to amend exists.

## II.   BIGELOW HAS NOT DEMONSTRATED THAT IT WILL BE PREJUDICED BY VICTOR'S AMENDMENT

Bigelow argues that even if "good cause" exists, leave to amend should be denied under Rule 15 because of the prejudice it will face. It asserts that the parties have already engaged in substantial discovery, and allowing amendment to the complaint will delay discovery, delay plaintiff's class certification motion, and may require that the litigation schedule be amended.[2] Dkt. No. 56 at 7. But discovery is scheduled to remain open for nearly another year and trial is approximately fifteen months away. Am. Civ. Pretrial Order [Dkt. No. 55]. In light of that schedule, Bigelow's general allegations of delay do not establish that it will be prejudiced. *Compare Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend because "the motion was filed only several days before the discovery cut-off and less than three months before trial was to commence") (internal quotation marks omitted), *and Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint") (citation omitted), *with Adams v. Kraft*,

---

[2] Bigelow does not argue that amending the complaint would be futile or that Victor acted in bad faith in filing the motion for leave to amend the complaint.

United States District Court
Northern District of California

1    10-cv-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) ("[n]either delay resulting

2    from the proposed amendment nor the prospect of additional discovery needed by the non-moving

3    party in itself constitutes a sufficient showing of prejudice") (citations omitted).

4          Bigelow does not argue that adding the unjust enrichment claim would materially change

5    the relevant underlying facts or issues.  *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th

6    Cir. 1990) (finding prejudice in part because the "additional claims advance different legal

7    theories and require proof of different facts").  It rather ominously says that it has "serious

8    questions and concerns about the scope of Plaintiff's proposed amendments to the currently

9    operative pleading" and states that it "cannot determine precisely what is being changed by

10   Plaintiff."  Dkt. No. 56 at 7.  Yet it identifies *no* specific changes which are problematic.  This is

11   hardly persuasive.  In sum, Bigelow has not demonstrated that it will be prejudiced by Victor

12   amending the complaint.  Accordingly, because there is good cause to amend and Bigelow has not

13   shown any prejudice, I will GRANT the motion to amend.

14   **III.    VICTOR HAS NOT UNDULY DELAYED IN FILING THE MOTION TO AMEND**

15         In a Rule 15 inquiry, "[r]elevant to evaluating the delay issue is whether the moving party

16   knew or should have known the facts and theories raised by the amendment in the original

17   pleading."  *Jackson*, 902 F.2d at 1388.  "Undue delay by itself . . . is insufficient to justify denying

18   a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  There must be "a

19   contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving

20   party, or futility of the amendment."  *Id.*

21         Bigelow argues that *Ohno v. Yasuma*, 723 F.3d 984 (9th Cir. 2013) and *Cheramie v. HBB,*

22   *LLC*, 545 Fed. Appx. 626 (9th Cir. 2013) are Ninth Circuit cases that established unjust

23   enrichment as a cause of action and "well predated the August 2014 deadline for Plaintiff to seek

24   leave to assert his claim," demonstrating Victor's undue delay.  Dkt. No. 56 at 5.  However,

25   neither of these cases established clear Ninth Circuit authority for the availability of an unjust

26   enrichment cause of action in this type of case.  *Ohno* involved the enforceability of a Japanese

27   tort verdict and had nothing to do with product labeling or consumer protection statutes.  723 F.3d

28   at 1006.  *Cheramie* was a non-precedential memorandum disposition and, in any event, stated only

United States District Court
Northern District of California

6

that the law concerning unjust enrichment in California was "unclear" but "[a] claim for restitution *may* be recognized in the absence of a valid express contract, such as when a contract is unenforceable or ineffective for some reason or when a quasi-contract is implied in law." 545 Fed. Appx. at 628 (emphasis added) (internal citations and quotations omitted).  District courts, including this one, routinely dismissed unjust enrichment causes of action following *Ohno* and *Cheramie*.  *See, e.g.*, *Avoy v. Turtle Mountain, LLC*, 13-cv-0236-LHK, 2014 WL 587173, at *8 (N.D. Cal. Feb. 14, 2014); *Ham v. Hain Celestial Grp., Inc.*, 14-cv-02044-WHO, 2014 WL 4965959, at *5 (N.D. Cal. Oct. 3, 2014); *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014); *Falkenberg v. Alere Home Monitoring, Inc.*, 13-cv-00341-JST, 2014 WL 5020431, at **5-6 (N.D. Cal. Oct. 7, 2014).  Accordingly, Victor did not unduly delay in seeking to amend his complaint.

## CONCLUSION

Victor's motion for leave to amend the first amended complaint is GRANTED.  Victor shall file his second amended complaint as a separate docket entry within ten days.

**IT IS SO ORDERED**.

Dated: July 7, 2015



WILLIAM H. ORRICK
United States District Judge