UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VICTOR,<br><br>          Plaintiff,<br><br>     v.<br><br>R.C. BIGELOW, INC.,<br><br>          Defendant. | Case No. 13-cv-02976-WHO<br><br>**ORDER REGARDING DISPUTE OVER DISCOVERY OF PROFITS**<br><br>Re: Dkt. No. 65 |

Plaintiff Adam Victor alleges that defendant R.C. Bigelow Inc. made false health claims by promoting the presence of antioxidants in its tea products and claiming associated health benefits. The parties have filed a joint letter disputing Victor's entitlement to discovery of Bigelow's profits and costs. Dkt. No. 65. Victor argues that "[a]s long as a theory of recovery of unjust enrichment is present in the case, Plaintiff is allowed to seek some percentage of Defendant's net profits as a remedy for himself and the class." *Id.* at 3. Bigelow counters that its profits and costs are irrelevant because the proper measure of restitution in a food labeling case is the price premium attributable to the challenged label (the difference between the product as labeled and the product as received), not its profits. Bigelow is correct.

The law is clear in this District that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received, not the full purchase price or all profits." *Trazo v. Nestle USA, Inc.*, 12-cv-02272-PSG, 2015 WL 4196973, at *3 (N.D. Cal. July 10, 2015) (citations omitted); *see also Ivie v. Kraft Foods Global, Inc.*, 12-cv-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) ("plaintiffs may only recover restitutionary damages, which would be the price premium attributable to the offending labels, and no more"); *Brazil v. Dole Packaged*

*Foods, LLC*, 12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014) ("The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received."). As Judge Grewal of this District observed in rejecting the same argument made by Victor's counsel in a different food labeling case:

> [Victor] cites a number of cases to support his argument that he can pursue nonrestitutionary disgorgement under a quasi-contract theory. But none of those cases address that remedy in the context of a product mislabeling claim. The nonrestitutionary disgorgement remedy which [Victor] seeks would require [Bigelow] "to surrender ... all profits earned as a result of [the alleged] unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice."

*Trazo*, 2015 WL 4196973, at *3 (citing *Kor. Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1145 (2003)). Victor is not entitled to do so.

Victor's request is DENIED. Bigelow states that its gross sales and the retail pricing of the products at issue have already been produced or are already available to Victor. Dkt. No. 96 at 5. Victor does not dispute this or explain why that information is not sufficient to present a damages theory based on the difference between the products as labeled and the products as received.

**IT IS SO ORDERED**.

Dated: August 12, 2015



WILLIAM H. ORRICK
United States District Judge