UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VICTOR,<br>　　　　Plaintiff,<br>　　v.<br>R.C. BIGELOW, INC.,<br>　　　　Defendant. | Case No. 13-cv-02976-WHO<br><br>**ORDER GRANTING R.C. BIGELOW, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 94 |

## INTRODUCTION

Plaintiff Adam Victor alleges that R.C. Bigelow ("Bigelow") mislabeled its black tea products by including the phrase "delivers healthful antioxidants" on its product labels, originally asserting causes of action under California's Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and bringing a claim for restitution based on unjust enrichment and quasi-contract on behalf of a putative class. Third Amended Complaint ("TAC") ¶ 12, 35-43 (Dkt. No. 78). After extensive motion practice, only his unlawful UCL claim and claim for unjust enrichment remain; I also denied his motion for class certification, concluding that Victor had not presented a plausible damages model nor established standing for injunctive relief. Dkt. No. 85 at 1.

Bigelow now moves for summary judgment on the remaining claims. It argues that no material issues of fact exist because Victor (1) cannot show Bigelow's label statements are false or misleading, (2) has no evidence that a reasonable consumer is likely to be misled by the label statements, (3) has presented only flawed evidence that the label statements are material, (4) has presented no evidence of actual reliance, (5) has presented no evidence of damages, and (6) cannot show a real or immediate threat to support his claims for injunctive relief. Motion for Summary Judgment ("Mot.") 1, (Dkt. No. 94). I now GRANT Bigelow's motion for summary judgment:

Victor has failed to provide evidence that a reasonable consumer is likely to be misled by Bigelow's statements; he has not presented evidence in support of a claim for damages; and, he cannot establish standing for injunctive relief.[1]

**BACKGROUND**

In his Third Amended Complaint, Victor argues that the phrase "delivers healthful antioxidants" listed on Bigelow's black tea products suggests that the tea contains a certain amount of antioxidant nutrients and that because of this specific nutrient content, the tea has a beneficial and healthful effect on humans. TAC ¶ 14. He alleges that the Food and Drug Administration ("FDA") has not set a recommended daily intake for flavonoids or polyphenols, the kind of antioxidants in black tea, and has not recognized "a substantial consensus of the scientific or medical community of any beneficial effects" that these nutrients have on humans. *Id.* He contends that Bigelow's black tea products are therefore "unlawfully misbranded as a matter of law and are legally worthless." *Id.*

Victor purchased three of Bigelow's black tea products: Earl Grey Tea; English Teatime Tea; and Constant Comment Tea. *Id.* ¶ 2. He states that at "various times" he read the "delivers healthful antioxidants" claim appearing on the labels of Bigelow's black tea products and relied on it in his decision to purchase those products. *Id.* ¶ 17, 65. He asserts that the claim "would be considered by a reasonable consumer" in deciding to purchase the product. *Id.* ¶ 39. He "did not know, and had no reason to know," that the products were misbranded and would not have bought the products, or paid a "premium" for them, had he known the truth. *Id.* ¶ 69. But for the misrepresentation on Bigelow's labels, he would have "foregone purchasing [Bigelow's] products and bought other products readily available at a lower price or would not have purchased any product at all." *Id.* ¶ 67. Victor contends that Bigelow's practices deceived him. *Id.* ¶ 18.

In support of Bigelow's defense that its label statements are not false or misleading to consumers, Bigelow presents the declaration and report of its expert, Dr. Blumberg, who opines

---

[1] The analysis in this Order matches the analysis in the Order filed today in *Khasin v. R. C. Bigelow, Inc.*, 12-cv-02204 (WHO) (N.D. Cal., Aug. 29, 2016), concerning Bigelow's motion for summary judgment on Khasin's claims regarding Bigelow's green tea products.

that Bigelow's statements are true and accurate because its tea does contains antioxidants and antioxidants have proven health benefits. Blumberg Decl. ¶ 3, (Dkt. No. 94-4). In his Opposition, Victor offers in rebuttal an article published by the Lipton Institute of Tea that Victor contends directly contradicts Dr. Blumberg's claims. Oppo. 22. Victor does not present any extrinsic evidence that Bigelow's claims are likely to mislead consumers.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.* The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

In order to sustain his mislabeling claims under the UCL, FAL, and CLRA, Victor must establish that (1) Bigelow's labeling statements violate labeling regulations, (2) he actually relied on the labeling statements in deciding to purchase the products, and (3) he suffered "economic injury." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011).

Further, "UCL, FAL, and CLRA claims grounded in fraud are governed by the 'reasonable

consumer test." *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, *3 (N.D. Cal. Mar. 28, 2013). Under the reasonable consumer test, a plaintiff must demonstrate "that members of the public are likely to be deceived" by the allegedly false, misleading, or unlawful statements. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Victor has failed to provide evidence sufficient to establish that a reasonable consumer is likely to be misled by Bigelow's statements. In addition, he has not provided evidence that would allow a trier of fact to calculate a damage award in his favor and has not demonstrated any economic injury. And, as discussed in my prior order, he has not established standing for injunctive relief. Dkt. No. 85 at 5. Bigelow is entitled to summary judgment on all of Victor's claims.

## I. WHETHER THE CLAIMS ARE LIKELY TO DECEIVE

Victor's factual claim is that Bigelow's black tea products contained the unlawful claim "delivers healthful antioxidants." TAC ¶ 14. He asserts that this claim does not meet the FDA regulations for food labeling and Bigelow's black tea products are therefore "misbranded" and illegal as a matter of California and federal law. *Id.* ¶ 12. He contends that "had he known the truth that the products were misbranded and did not in fact contain recognized and accepted nutritional and healthful value, Plaintiff would not have paid a premium for the products, or would not have bought the products at all." *Id.* ¶ 17.

Bigelow has presented evidence from its expert, Dr. Blumberg, that its black tea contains antioxidants. Victor has not attempted to rebut this evidence. Blumberg Decl. ¶ 16. It is therefore not in dispute that Bigelow's black tea contains antioxidants. Victor contends, however, that Blumberg does not provide sufficient evidence to demonstrate that the antioxidants in black tea, which are flavonoids and polyphenols, are "healthy" or have any healthful benefits. Oppo. 21. Victor adds that even if the statements on Bigelow's labels are true, that is irrelevant because they fail to meet California and federal labeling requirements and are therefore unlawful. *Id* at 22.

Victor's position lacks merit. It is not, as Victor asserts, Bigelow's "burden to establish the truth of the statements at issue if Defendant wishes to rely upon the truth of the statement as a basis for summary judgment." *Id*. Under the reasonable consumer test, Victor is required to

provide evidence that Bigelow's statements are likely to deceive consumers. *Williams*, 552 F.3d 938. A party may succeed on a motion for summary judgment by showing that "the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Bigelow does not need to prove that its statements are true or that its statements are not misleading. It can succeed on summary judgment by showing that Victor has failed to provide sufficient evidence that the statements are likely to mislead.

It is also incorrect that the truth or falsity of Bigelow's statements is irrelevant if they are unlawful as a matter of California and federal law. Oppo. 22. Even if I assume that the labels are unlawful, whether the statements are true remains relevant as it is probative of whether they are likely to deceive a reasonable consumer. *Ries*, 2013 WL 1287416, *7 (N.D. Cal. Mar. 28, 2013) (no material issue of fact regarding whether the term "natural" was misleading where plaintiffs presented no evidence that the label was false or likely to confuse consumers). If Bigelow's label statements are true, it is not likely that they would deceive a reasonable consumer. *Id*.

While Bigelow does not have the burden of proving its statements are accurate, it has presented evidence that its label statements are true and, therefore, unlikely to mislead or deceive reasonable consumers. Blumberg Decl. ¶ 16. While Victor attacks the accuracy of Blumberg's report and research, he does not provide any actual evidence to rebut Blumberg's declaration. Oppo. 21.

The Lipton Institute of Tea article Victor includes in his Opposition is not admissible evidence. Dkt. No. 95-5. As Bigelow argues in its Reply, this non peer-reviewed article, purportedly written by Dr. Jane Rycroft, whom Victor has not designated as an expert, is hearsay, has not been sworn to or made under oath, and has not been properly authenticated. Reply 9, (Dkt. No. 100). This article fails to meet the standards for admissibility under Federal Rules of Evidence 602 or 703 and must be excluded under Rule 403. Fed. R. Evid. 602, 703, 403. (Notably, even if the article is considered on the merits, it does little to help Victor's claim. While the article notes that "dietary antioxidants reducing free radicals damage in humans has not been found," it also notes that "tea flavonoids have strong antioxidant properties" and that "tea

5

consumption in linked with various health benefits." Dkt. No. 95-5 at 4-5.).

Victor provided no affirmative evidence that Bigelow's statements are in fact false or inaccurate; he only attempted to undermine the credibility of Bigelow's expert. This is insufficient to create a material issue of fact. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 96-97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment" where the non-moving party has "offered no evidence.").

Similarly, Victor has presented insufficient evidence that Bigelow's label statements are likely to deceive a reasonable consumer. Victor's deposition testimony and the declaration of Dr. Edward Scarbrough do not support Victor's claims that the statements are misleading to consumers and fail to create a material issue of fact.

Victor testified that the claim "delivers healthful antioxidants" did not lead him to believe the product contained a certain level or kind of antioxidant. *Id.* Victor Depo 54:11-18 (Dkt. No. 95-2). He further testified that he had no particular knowledge about FDA regulations and did not form a belief about whether the Bigelow claim met FDA regulations. *Id.* at 54:7-10. As Victor testified, his understanding of the claim "delivers healthy antioxidants" was that "I was getting a healthy dose of antioxidants." *Id.* at 71:4-6. When asked "if the product does contain antioxidants, did you believe that you got the benefit of that?" he responded "I believe so, yeah." *Id.* at 71:7-10 Victor's testimony suggests that he was not misled--he does not dispute that Bigelow's black tea contains antioxidants, as he believed.

Further, regardless of whether Victor's testimony suggests that he was misled, individual testimony is insufficient to establish that a reasonable consumer is likely to be misled, as required under the reasonable consumer test. *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407 (N.D. Cal. 1997) ("[A]necdotal evidence alone is insufficient to prove that the public is likely to be misled."). A plaintiff must "demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers." *Id.* Victor presented no extrinsic evidence in support of his conclusory statement that Bigelow's claims are likely to mislead consumers.

Victor's reliance on Scarbrough's declaration similarly fails as Scarbrough offers no

opinion on whether Bigelow's label statements are likely to mislead reasonable consumers. Scarbrough Decl. (Dkt. No. 95-4). Scarbrough's only discussion regarding whether the Bigelow claims are misleading is indirect and wholly conclusory. *Id.* at 5-6. He implies that Bigelow's antioxidant claims were misleading because they could not meet the lowest minimum threshold for a nutrient content claim, which he asserts is the "lowest level that a nutrient can be present in a food before it becomes deceptive and misleading to highlight its presence in a nutrient content claim." He seems to say that because Bigelow's claims did not meet FDA requirements, they are misleading as a matter of law. *Id.* Scarbrough's conclusory statements, which only tangentially address Victor's specific claim, cannot create a material issue of fact. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Victor has not offered any plausible evidence to explain why the phrase "delivers healthy antioxidants" is false or likely to mislead a reasonable consumer. As he has presented no plausible evidence, he cannot show that "it is probable that a significant portion of the consumer public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Because he bears the burden of proving this element and has failed to provide any evidence on this point, he has failed to create a material issue of fact as to whether reasonable consumers are likely to be misled by Bigelow's labels. Bigelow is entitled to summary judgment on Victor's only remaining UCL claim.

## II. WHETHER VICTOR HAS PROVIDED ADEQUATE EVIDENCE OF DAMAGES

In addition, Bigelow argues that summary judgment is appropriate because Victor has failed to create a triable issue of fact to support his claims for restitution. Mot. 16. "The False Advertising Law, the Unfair Competition Law, and the CLRA authorize a trial court to grant restitution to private litigants asserting claims under those statutes." *Colgan v. Leatherman Tool Grp.*, 135 Cal. App. 4th 663, 694 (2006). "There must be evidence that supports the amount of restitution necessary to restore to the plaintiff 'any money . . . which may have been acquired by means of such unfair competition.' " *In re Google AdWords Litig.*, 2012 WL 28068 at *15 (N.D. Cal. Jan. 5, 2012).

As I stated in my prior orders, "the proper measure of restitution in a mislabeling case is

the amount necessary to compensate the purchaser for the difference between a product as labeled and the product received, not the full purchase price or all profits." Dkt. No. 68 at 1; *see also Brazil v. Dole Packaged Food, LLC*, No. 12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014) (finding that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received") (internal citations and quotation marks omitted).

At class certification, Victor failed to present a plausible methodology for calculating restitution or damages, instead alleging that "the product as received has a value of $0" and therefore that "the measure of the restitution is the average retail purchase price minus $0." Dkt. No. 73 at 16-17.

Now, in his Opposition to Bigelow's motion, Victor fails to offer any evidence in support of a claim for restitution or to offer an alternative to his full-purchase-price damages theory. Instead, in support of his claim for unjust enrichment, Victor argues that "it is the Defendant who must bear the burden of demonstrating a downward deviation, or suffer maximum disgorgement." Oppo. 18. In support of this claim, he cites *Sheldon v. Metro-Goldwyn Pictures Corp.*, a 1939 case on the attribution of profits from copyright infringement in which the Second Circuit discussed a defendant's burden to separate comingled funds during a copyright infringement accounting. 106 F.2d 45, 48-51 (2nd Cir. 1939). That case does not come close to addressing the issues here. Victor insists that Bigelow, as the wrongful actor, has the burden of proving it is not liable for the full purchase price of its products. Oppo. 19. He ignores foundational legal principles and the standard I have repeated multiple times in this case to insist that despite having proved no wrongdoing, and having offered no evidence in support of damages, he is entitled to monetary compensation. *Id.* He cannot survive summary judgment when he has provided no evidence in support of a theory of damages.

Victor then asks me to use my discretion to craft an equitable remedy "in an amount that would both deprive Defendant of its ill-gotten profits and compensate Plaintiff and the class for their losses." *Id.* at 20. In asking me to create an equitable remedy out of thin air, Victor concedes that he has no evidence to offer to support a claim for damages. His contention that he is not able

8

to meet his evidentiary burden because "the Court has denied Plaintiff the right to conduct discovery on this issue" falls flat as Bigelow has already produced its sales data to him. *Id.*; *see also* Dkt. No. 68 at 2. (Bigelow's "gross sales and the retail pricing of the products at issue have already been produced" and "Victor does not dispute this or explain why that information is not sufficient to present a damages theory based on the difference between the products as labeled and the products as received."). He does not explain why further discovery would be fruitful.

The facts here parallel those underlying the Hon. Richard Seeborg's decision in *Ries v. Arizona Beverages USA LLC*, in which plaintiffs in a mislabeling case similarly failed to provide any evidence in support of a claim for restitution. No. 10-01139 RS, 2013 WL 1287416, *8 (N.D. Cal. Mar. 28, 2013). "They offer not a scintilla of evidence from which a finder of fact could determine the amount of restitution or disgorgement to which plaintiffs might be entitled if this case were to proceed to trial. This failure alone provides an independent and sufficient basis to grant defendants summary judgment." *Id.* Like the plaintiff in *Ries*, Victor has provided no evidence in support of his claims for restitution. His attempt to shift the evidentiary burden to defendant and to me fails. Bigelow is entitled to summary judgment on Victor's UCL claim on the basis that Victor has provided no evidence to support a showing of restitution damages.

Similarly, Victor's failure to provide any evidence of damages is fatal to his claim for unjust enrichment. *See Krouch v. Wal-Mart Stores, Inc.*, No. 12-cv-02217-YGR, 2014 WL 5463333 (N.D. Cal. Oct. 28, 2014) (A cause for "unjust enrichment also requires a finding that the claimant suffered a loss."). Victor cannot survive summary judgment where he has provided no evidence that he suffered any harm. Bigelow is also entitled to summary judgment on Victor's claim for unjust enrichment.

### III.  WHETHER VICTOR LACKS STANDING FOR INJUNCTIVE RELIEF

Finally, as discussed in my prior order denying class certification, Victor has not established individual standing on his claims for injunctive relief. Dkt. No. 85 at 10. As I previously found, "Victor has not plausibly alleged an intent to purchase Bigelow products in the future" and therefore cannot establish that there is a "sufficient likelihood" that he will be injured in the future as required to establish Article III standing. *Id.* at 9. Further, he cannot establish that

9

1 he is likely to suffer the same injury in the future because "[p]laintiffs like Victor, who were
2 previously misled by deceptive food labels and now claim to be better informed, lack standing for
3 injunctive relief because there is no danger that they will be misled in the future." *Id.* at 10. As
4 Victor does not have standing on his claims for injunctive relief, Bigelow is entitled to summary
5 judgment on these claims.

## CONCLUSION

I GRANT Bigelow's motion for summary judgment on all claims because Victor has failed (1) to present any evidence in support of his claim that a reasonable consumer is likely to be misled by Bigelow's statements, (2) to present any evidence in support of a claim for proper damages, and (3) to demonstrate standing for injunctive relief. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

Dated: August 29, 2016



WILLIAM H. ORRICK
United States District Judge